UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                ORDER

STEVEN LEWIS,                                10-CR-392-10 (CS)

                  Defendant.
-------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Steven Lewis' motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 1246), and the Government's opposition thereto, (Doc. 1252).

       On July 31, 2013, Defendant was sentenced principally to 260 months' imprisonment. (Doc. 785.) That sentence was below the advisory Sentencing Guidelines range of 271-308 months. On March 9, 2016, pursuant to 18 U.S.C. § 3582(c)(2), his sentenced was reduced to 241 months. (Doc. 943.) He has served approximately 132 months.

       Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that his medical conditions – including obesity, type 2 diabetes, high blood pressure and asthma – put him at increased risk for a severe case should he be reinfected with COVID-19; that prison conditions have been harsh during the pandemic; and that he has been rehabilitated. He contends that these factors amount to an extraordinary and compelling reasons, and seeks a forty-eight month reduction.

Obesity and type 2 diabetes appear on the list of conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk for severe disease if one contracts COVID-19. But there are several factors that lead me to conclude that Defendant's medical conditions do not present an extraordinary and compelling reason. First, he has already had COVID-19 and, despite his risk factors, fortunately did not suffer a severe case. Now that he has been diagnosed with the disease and weathered it, a sentence reduction based on the risk of contracting it no longer makes sense. "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and

2

recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19."). Reinfection, while not impossible, is rare, according to the CDC.

Second, he is incarcerated at FCI Big Spring, a facility that presently has no inmate or staff cases, according to the Bureau of Prisons ("BOP"). Third, BOP records reveal that Defendant refused the Moderna COVID-19 vaccine on April 2, 2021 (before the instant motion was filed).[1] (Doc. 1252 Ex. A at 82.) "In declining vaccination . . . [Defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." *United States v. Lohmeier*, No. 12-CR- 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (collecting cases for proposition that circumstances are not extraordinary and compelling where defendant refused vaccination); *United States v. Gonzalez Zambrano*, No. 18-CR-2002 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although [Defendant] requests that the Court take immediate action to reduce her sentence and release her due to the threat of COVID-19, she herself was not willing to inoculate herself against that same disease. Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward her refusal to protect herself by granting her release. It would be paradoxical to endorse a system

---

[1] I assume Defendant's counsel was unaware of Defendant's refusal of the vaccine.

whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them."). Accordingly, I do not believe extraordinary and compelling circumstances exist based on COVID-19 risk.

Nor do the conditions implemented during the pandemic elevate Defendant's situation to that level. I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

Finally, I reject Defendant's argument that his having obtained a GED, worked in prison and matured shows that he has been rehabilitated. First, while Defendant's education and work are commendable, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t). While I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), I do not find that the combination of circumstances here rises to that level. Making good use of one's time in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020). Second, although Defendant characterizes his disciplinary record in prison as consisting of only "a few minor . . . infractions," (Doc. 1246 at 7-8), his record in fact is serious. Two days after the instant motion

was filed, Defendant was disciplined for having possessed a shank on March 28, 2021 – a time when Defendant knew his lawyer was preparing to seek a sentence reduction and one would think he would be acutely aware of the need for good behavior.[2] By the Court's count, Defendant also had seven previous disciplines and has lost over 200 days of good time credit. There is some irony in a Defendant seeking a sentence reduction from the Court when his own conduct is extending the time he would otherwise be in custody. In any event, Defendant's disciplinary record – including a recent, serious infraction – suggests that he is not ready to be a law-abiding member of society.

Accordingly, I conclude that the reasons advanced by Defendant do not, individually or collectively, amount to extraordinary and compelling circumstances.

Even if they did, I would still have to consider the § 3553(a) factors. They militate against reduction of Defendant's already-below-Guidelines sentence. His offense was extraordinarily serious. He put a substantial amount of crack onto the streets of Newburgh, and did it as part of the Newburgh Latin Kings, a violent gang that helped to make that city an incredibly dangerous place. Although he was young and not a leader of the gang, he was a loyal and active member, and he was involved in some of its most heinous acts, including several shootings, during one of which he personally discharged a gun. His participation in the gang endangered a child – a toddler who not only lived in the apartment where Defendant stored his drugs and guns, and who not only was brought along on drug deliveries, but was in the car with Defendant and his girlfriend (the child's mother) when they planned to act as the getaway drivers after a shooting. Fortunately the child was not present when Defendant and his girlfriend in fact

---

[2] I assume Defendant's counsel was unaware of this infraction.

served as the getaway drivers for the shooter who killed John Maldonado.  A sentence reduction for Defendant would undermine several of the purposes of sentencing.  It would not sufficiently address the seriousness of the offense or the harm done to the community.  It would not be just punishment and would introduce unwarranted sentencing disparities, both among Defendant's co-defendants and among similarly situated Defendants nationwide.  It would dilute the deterrent effect of the sentence, and it would not suffice to protect the public from further crimes – unfortunately a likelihood given Defendant's history both on the street and in prison.  In short, if there were  extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

      For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate Doc. 1246.

Dated: May 10, 2021
       White Plains, New York

                                                  _____
                                                  CATHY SEIBEL, U.S.D.J.